**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY LEWIS,

      Plaintiff - Appellant,

v.

ROBERTA WILKES, and THE
HONORABLE DAVID MIKESIC,

      Defendants - Appellees.

No. 02-3404
(No. 02-CV-2281-KHV)
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **KELLY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

Anthony Lewis appeals the district court's order dismissing his claims

against Roberta Wilkes and Hon. David Mikesic for lack of jurisdiction.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Lewis was appointed successor administrator of his late grandfather's estate

in a probate matter pending in the District Court of Wyandotte County, Kansas,

---

* The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

before defendant Judge Mikesic. In February 2002, Judge Mikesic appointed defendant Roberta Wilkes to serve as guardian ad litem for Lewis' grandmother. In a petition filed on February 8, 2002, Wilkes requested that the probate court (1) remove Lewis as successor administrator over the grandfather's estate, (2) appoint a second successor administrator, (3) require a complete accounting of the grandfather's estate, and (4) set aside a homestead and statutory allowance for Lewis' grandmother. On February 21, 2002, Judge Mikesic granted the petition and appointed Wilkes as the second successor administrator. Judge Mikesic issued another order on June 7, 2002, requiring Lewis to provide a complete accounting of specific items within thirty days, and notified Lewis that a failure to comply would result in a contempt citation unless he appeared before the court on July 9, 2002, to show cause. Lewis refused to comply and failed to appear on the appointed date.

Lewis then filed suit in federal district court under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, arguing that the actions of Judge Mikesic and Wilkes violated his due process rights and seeking injunctive relief, three trillion dollars in damages, and $50,000 in sanctions. Dismissing the suit for lack of subject matter jurisdiction, the district court concluded that Lewis' claim essentially amounted to a challenge to the state probate proceedings and that the Rooker-Feldman doctrine barred its review of the claim.

We review the district court's dismissal for lack of subject matter jurisdiction de novo. U.S. West, Inc. v. Tristani, 182 F.3d 1202, 1206 (10th Cir. 1999). Under the Rooker-Feldman doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005–06 (1994). In the instant case, Lewis's suit challenges the state probate court's (1) appointment of Wilkes as successor administrator, (2) request for a complete accounting, and (3) subsequent attempts to enforce its decision. As such, it amounts to a challenge to the state probate proceeding and is barred by Rooker-Feldman.

Accordingly, the judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-3-